Anna Rivera (SBN: 239601)
*Anna.Rivera@drlc.lls.edu*
Richard Diaz (SBN: 285459)
*Richard.Diaz@drlc.lls.edu*
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa St., Ste. 1120
Los Angeles, CA 90017
Tel: (213) 736-1496; Fax: (213) 736-1428

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. and ANTOINETTE ABBAMONTE, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KRIKORIAN PREMIERE THEATRES, LLC; REEL SERVICES MANAGEMENT, LLC, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. CV 13-07172-PSG (ASx)<br><br>**UNOPPOSED NOTICE OF MOTION AND MOTION FOR: (1) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) ORDER DIRECTING NOTICE TO THE CLASS; AND (3) SCHEDULING A FAIRNESS HEARING. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ANNA RIVERA IN SUPPORT THEREOF**<br><br>[Proposed] Order Filed Concurrently<br><br>**Hearing Date: February 9, 2015**<br>**Time: 10.00 a.m.**<br>**Judge:** Hon. Phillip S. Gutierrez<br>**Courtroom:** 800, Roybal |

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL AND SCHEDULING A FAIRNESS HEARING

1

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES………………………………….......3

I. INTRODUCTION…………………………………………………….….………….3

II. STATEMENT OF FACTS…………………………………………………………………4

    A.    Facts Alleged by Plaintffs……………………………………………………...........4

    B.    Procedural History……………………………………………………………….…..4

III. SUMMARY OF SETTLEMENT TERMS……………………………………………........5

    A.  Installation of Closed Capitioning Equipment in All Theatre..……………...................5

    B.  Provision of Closed Capitioning Equipment in All TheatreS……………..................6

    C.  Krikoriian Theater's Website……..…………………………………………………..6

    D.  Continued Jurisdiction of the Court…………..…......…………………………..........6

    E.  Damages for Named Plaintiff Abbamonte and Attorneys' Fees and Costs………...…6

IV. THE SETTLEMENT SHOULD BE PRELIMINARY APPROVED……………………….7

    A.  . The Relief Provided by Settlement Compated to Strength of Plainttfs' Case and Risk of Further Litigation ……………………………….…………………………….…..........7

    B.  The Settlement is Faur, Adequate, and Reasonable Given the Extent of Discovery and Information Exhanged Between the Parties…………..………………………….............9

    C.  . The Settlement is the Product of Serious, Informed, non-collusive Negoitations Conducted by Experience  Counsel……………………………………………….............9

    D.  . Reaction of Class Members to the  Settlement…………...…………………...........11

V. THE PROPOSED CLASS NOTICE AND PROCEDURE FOR APPROVAL ARE APPROPRIATE UNDER FED. RULE OF CIV PROC 23€(1)………………………….11

    A.  . The Proposed Class Notice and Settlement Materials Provide Appropriate Information to Class Members in Easily Understandable Language…………………..11

    B.  . The Process for Distribution of Class Notice is Reasonably Calculated to Reach Class Members……………………………………..………..…………………….............12

    C.  1.  Individual Mailed Notice is Not Required……………...……………….….........12

    D.  1.  The  Settlement Approval Process Provided Adequate Opportunity for Class Members to Raise Objections or comment on the Settlemen....................................15

VI. PROPOSED SCHEDULE FOR NOTICE AND FINAL APPROVAL……………….,...…15

VI. CONCLUSION………………………………………………………………….,....…17

# TABLE OF AUTHORITIES

**Page No.**

**CASES**

*Bourlas v. Davis Law Associates*, 237 F.R.D. 345, 355 (E.D.N.Y. 2006)……………..9

*Carson v. American Brands, Inc.,* 450 U.S. 79 88 n. 14, 101 S.Ct. 993, 998 (1981)…7

*Chavez v. Netflix,* 162 Cal.App.4th 43, 58 (2008)…………………………………….13

*Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004……………..………7, 11

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)………………9

*Gautreaux v. Pierce,* 690 F.2d 616, 621 n. 3 (7th Cir. 1982)……………………………………………………………………………………..7

*Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986)…………………13

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)………………....…7

*In re Mego Financial Corp. Securities Litigation,* 213 F.3d 454, 459 (9th Cir. 2000)..9

*In re Pacific Enterprises Securities Litigation*, 47 F.3d 373, 378 (9th Cir. 1995)…...10

*In re Toys "R" Us-Del., Inc.—Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 448-49 (C.D. Cal. 2014)………………………….……..14

*Lauderdale, et al. v. City of Long Beach, et al.*, Case No. CV 08-979 ABC (JWJx)...15

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998)………...9

*Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)………….11

*Ms. Wheelchair California, Inc. et al. v. Starline Tours of Hollywood, Inc.*, Case No. CV 11-2620-JFW (CWx)……………………………………………………………..15

*Sengupta v. City of Monrovia , et al.*, Case No. CV 09-00795-ABC (SHx)………....15

*Walsh v. Great Atl. & Pac. Tea Co., Inc.*, 726 F.2d 956, 963 & fn.1 (3d Cir. 1983)...13

**OTHER AUTHORITIES**

*Manual for Complex Litigation, §30.42 (3rd ed.1995)*……………………………………………………………………..10

Robert Newberg, Newberg on Class Actions §11:47................................................. 10

**RULES**

Fed. R. Civ. P. 23(b)(1) ........................................................................................13

Fed. R. Civ. P. 23(b)(2) .....................................................................................12,13

Fed. R. Civ. P. 23(b)(3) ........................................................................................12

Fed. R. Civ. P. 23(c)(2)(A) ...................................................................................13

Fed. R. Civ. P. 23(c)(2)(B) ..............................................................................2,11,13

Fed. R. Civ. P. 23(e)...........................................................................................12,14

Fed R Civ. P. 23(e)(1)……………………………………………………11, 12

Fed R Civ. P. 23(e)(2)............................................................................................7

**STATUTES**

Cal. Civ. Code § 51, et seq……………..……………………………………….……4

Cal. Civ. Code § 54, et seq……………..……………………………………….……4

# NOTICE OF MOTION AND MOTION
# TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs hereby move under Federal Rules of Civil Procedure 23(e) for an order (1) granting preliminary approval of the settlement reached between Plaintiffs and Defendants, attached as Exhibit A to the Declaration of Anna Rivera, as fair, reasonable, and adequate; (2) granting approval of the proposed notice to the Class and directing provision of Class Notice in accord with the Plan for Class Notice; and (3) setting a schedule for the Fairness Hearing. This motion shall be heard on February 9, 2014 at 10:00 a.m., or as soon thereafter as counsel may be heard in the courtroom of the Honorable Phillip S. Gutierrez, United States District Judge, at 255 East Temple Street, Los Angeles, California 90012, Courtroom 800.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Anna Rivera and the exhibits thereto, the complete files and records of this action, and such other evidence and authorities as may be presented to the Court in connection with the briefing and hearing of this motion.

This motion is made following conference of counsel pursuant to L.R. 7-3, which took place on November 6, 2014. Defendants have confirmed that they do not oppose this motion.

DATED: December 5, 2014            DISABILITY RIGHTS LEGAL CENTER

                                   By: _____/s/_____
                                        Richard Diaz
                                   Attorneys for Plaintiffs and the Class

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This settlement is an integral part of ensuring that individuals who are deaf and/or hard of hearing will have equal access to the same movie-going experience offered to the hearing public by Krikorian Premiere Theaters. Plaintiffs Greater Los Angeles Agency on Deafness ("GLAD") and Antoinette Abbamonte (collectively, "Named Plaintiffs"), brought suit against Reel Services Management, LLC, dba Krikorian Premiere Theatres ("Krikorian" or "Defendant") for failing to provide individuals who are deaf and/or hard of hearing with necessary auxiliary aids and services, thereby discriminating against them in violation of federal and state law. Plaintiffs further allege that Defendants fails to reasonably modify its policies and procedures to avoid discrimination against Plaintiffs, also in violation of federal and state law.  Defendants denied the allegations, both as to the individual Plaintiffs and as to the class as a whole.

Named Plaintiffs and Defendants ("the Parties"), have reached a settlement ("Settlement" or "Settlement Agreement") that will result in the provision of closed captioning services for auditorium in all of Defendants' movie theater locations.  The Parties worked diligently to reach agreement on details.  The proposed Settlement Agreement between the Parties encompasses the results of these negotiations, and once fully implemented, will ensure that the class of individuals who are deaf and/or heard of hearing will have full and equal access to the goods, services, facilities, privileges, advantages, or accommodations offered by Krikorian Theaters.

Accordingly,  the Parties seek an order (1) granting preliminary approval of the settlement reached between Plaintiffs and Defendants as fair, reasonable, and adequate; (2) granting approval of the proposed notice to the Class and directing provision of Class Notice in accord with the Plan for Class Notice; and (3) setting a schedule for the Fairness Hearing.

## II. STATEMENT OF FACTS

### A. Facts Alleged by Plaintiffs

Named Plaintiffs claim that the unequal access to programs and services that is provided by Krikorian Premiere Theatres results in discrimination that has a negative impact on people who are deaf and hard of hearing as represented by the experiences of the Named Plaintiffs in this matter. (Complaint at ¶ 22-23, Dkt.1). Named plaintiffs allege that each was denied equal access and deterred from attending Defendant's theatres.

Even with the recent inclusion of two screens of captioning at each of the Defendants locations, Plaintiffs are still deterred from attending Defendant's theatres due the inability to make their own choice as to which movie they would like to see, and when they would like to see it. Plaintiffs' experiences were by no means unique. They illustrate the struggle of deaf and hard of hearing patrons to have equal access to movies screened at Krikorian Theaters. Named Plaintiffs believes that their initial experience remains an accurate example of the overall experience of deaf and hard of hearing individuals who seek to watch a movie at Krikorian Defendants haves failed in their obligation to provide individuals who are deaf and hard of hearing have equal access to the same movie-going experience offered to the hearing public by Krikorian Premiere Theaters.

### B. Procedural History

Plaintiffs filed their Class Action Complaint for Declaratory and Injunctive Relief and Damages on September 17, 2013 alleging violations of, *inter alia,* (1) Title III of the Americans with Disabilities Act, 1990; (2) Unruh Civil Rights Act (Cal. Civ. Code § 51, et seq.); and (3) California Disabled Persons Act (Cal. Civil Code § 54, *et seq.*). (Complaint, Dkt. 1) Plaintiffs filed an amended complaint narrowing their claims to the ADA Title III and California Unruh Civil Rights Act on October 3, 2013. (First Amended Complaint, Dkt. No. 6 .)

On January 13, 2014, Plaintiff's filed a Motion for Class Certification ("Class Cert. Motion", Dkt. No. 18). Shortly after filing the motion, the parties began engaging in settlement discussions. To facilitate those discussions, the parties stipulated, and on February 3, 2014 the Court ordered, to extend the deadlines related to the Class Cert. Motion by approximately two months. (Order to Joint Stipulation, Dkt. No.26).

On May 6, 2014, the Court granted Plaintiff's Class Cert. Motion and defined the class as "all individuals who are deaf and hard of hearing who, from September 23, 2013 to September 23, 2018, were denied, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any Krikorian Theatre currently owned, operated, leased by, or leased to Defendant due to Defendant's failure and refusal to provide closed captioning movies and special presentations." (Order Granting Class Certification, Dkt. No.35).

On November 6, 2014, the parties engaged in private mediation before Stephen Paul, a well-known mediator familiar with cases involving complex issues. *See* Declaration of Anna Rivera ("Rivera Decl.") at ¶ 5. The parties agreed to the terms of the settlement at the Parties' November 6, 2014 mediation. *See id.*

Plaintiffs' counsel kept Named Plaintiffs informed of the negotiations throughout the settlement process, and provided them input on the settlement. Named Plaintiffs approved of the settlement agreement and believe it is in the best interests of the class. *See* Rivera Decl. at ¶ 6.

### III. SUMMARY OF SETTLEMENT TERMS

#### A. Installation of Closed Captioning Equipment In All Theatres

The main terms in this proposed Settlement Agreement require that the Defendants take steps to ensure effective communication and equal access for individuals who are deaf and hard of hearing by providing closed captioning in all

auditoriums across all Krikorian theater locations. Settlement Agreement, Ex. A to Rivera Decl.

### B. Provision of Closed Captioning Receiving Devices

The Settlement Agreement also requires Krikorian to provide a minimum of five (5) closed captioning receiving devices at each theater location. Should a patron who is deaf and/or hard of hearing be unable to attend a movie because a closed captioning receiving device was not made available when they arrived to attend a movie for which closed captioning is available, Krikorian will treat that patron in the same manner as other patrons who cannot attend a movie due to the fault of Krikorian.

### C. Krikorian Theater's Website

Lastly, the Settlement Agreement requires that within twelve (12) months of the Effective Date of the Agreement, Kirkorian will incorporate information regarding captioning on its website. This information will include: which closed captioning devices are available, how the closed captioning devices and assistive listening devices can be operated, and a link to the website where information can be obtained on the devices used.

### D. Continued Jurisdiction of the Court

The Agreement provides that the District Court will retain jurisdiction to oversee compliance with the terms of the Settlement Agreement and to hear any disputes arising from the interpretation or application of the settlement Agreement. The Settlement Agreement, including all of its obligations and the continued jurisdiction of the Court shall remain in effect until Krikorian completes installation of closed captioning devices at all its movie theater locations.

### E. Damages for Named Plaintiff Abbamonte and Attorneys' Fees And Costs

As part of the Settlement Agreement, Defendants agree to pay Named Plaintiff Antoinette Abbamonte $4,000.00. *See* Settlement Agreement at pg 6. Named Plaintiffs have waived any potential claim for damages. Defendants also

agree to pay $55,000.00 to Class Counsel for attorneys' fees and costs incurred in this litigation. *See id.*

## IV. THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

At preliminary approval, the Court's task is to "determine whether the proposed settlement is within the range of possible approval." *Gautreaux v. Pierce,* 690 F.2d 616, 621 n. 3 (7th Cir. 1982) (internal quotations omitted). Here, the proposed settlement is reasonable, providing Class members with relief sought by the Complaint. Thus, the settlement is within the range of settlements that the Court could properly approve.

"If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Ninth Circuit sets forth the following factors for a district court to consider in determining the fairness of a settlement at final approval: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of the counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Accord. Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004). Here, the parties' settlement is "fundamentally fair, adequate, and reasonable," and meets the relevant *Hanlon* factors.

### A. The Relief Provided by Settlement Compared to Strength of Plaintiffs' Case and Risk of Further Litigation

"Courts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of relief offered in the settlement . . . They do not decide the merits of the case or resolve unsettled legal questions." *Carson v. American Brands, Inc.,* 450 U.S. 79 88 n. 14, 101 S.Ct. 993, 998 (1981) (internal citation omitted).

Plaintiffs believe that they would have likely prevailed at trial based on their claims and supporting evidence that auxiliary aids and equal access to Krikorian's programs, services, and activities were not provided. *See* Rivera Decl. at ¶ 7. Also, based on these facts and the discovery conducted by Class counsel, Plaintiffs would have likely shown sufficient facts to support the grant of injunctive relief. *See id.*

However, the injunctive relief in the Parties' settlement is in the best interests of the Class, particularly given the scope and detail of the relief provided. Negotiation of a settlement in this manner allowed Plaintiffs to have considerable input into the nature and substance of the relevant relief. The Parties thus recognized that there was much more to be gained through reasonable settlement discussions than through protracted litigation and trial. The parties also agree that it would be expensive and time-consuming to litigate this case through trial, that the outcome of a trial is uncertain, and that resolution of this action through settlement is appropriate. *See* Rivera Decl. at ¶ 8.

Plaintiffs' counsel believes that this class settlement is both fair and reasonable for all Parties and that if approved, this settlement will result in substantial improvements in access to programs, services and activities for Class members who are or will be patrons of Krikorian Theatres. *See* Rivera Decl. at ¶ 9. The Settlement Agreement is the result of considerable negotiations, and tremendous effort to reach a mutually acceptable and informal resolution of Plaintiffs' claims and ensure that Defendants implement the necessary changes to provide equal access to movies for people who are deaf and hard of hearing. *See id.* In Plaintiffs' counsels' opinion this settlement will require the Defendants to provide individuals who are deaf and hard of hearing with the necessary auxiliary aids and services that will allow them equal access to the programs, services, and activities that they need to enjoy the full movie-goings at Krikorian Theatres. *See id.*

### B. The Settlement is Fair, Adequate, and Reasonable Given the Extent of Discovery and Information Exchanged Between the Parties.

As the Ninth Circuit has recognized, although "extensive formal discovery ha[s] not been completed . . . 'in the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement.'" *In re Mego Financial Corp. Securities Litigation,* 213 F.3d 454, 459 (9th Cir. 2000) (internal citations omitted) (quoting *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998)).

Here, Plaintiffs engaged in both informal information gathering and formal discovery. Plaintiffs propounded discovery (including interrogatories, requests for production, and requests for admission) on Defendants and received documents and interrogatory responses from Defendants. *See* Rivera Decl. at ¶ 9.

Plaintiffs' counsel also conducted independent fact research as well as consulted with experts, to better inform their settlement negotiations. This and other information obtained during negotiations informed the terms of the Settlement.

### C. The Settlement is the Product of Serious, Informed, Non-collusive Negotiations Conducted by Experienced Counsel

Where a "proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval, preliminary approval is granted." *Bourlas v. Davis Law Associates*, 237 F.R.D. 345, 355 (E.D.N.Y. 2006) (internal citations omitted). Although "strong judicial policy ... favors settlements," *see Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), the settlement may not be the product of collusion among the negotiating parties. *Id.* at 1290. Class settlements reached in arms' length negotiations

between experienced, capable counsels after meaningful discovery are presumed correct. *Manual for Complex Litigation, §30.42 (3rd ed.1995)*.

Further, the Ninth Circuit has recognized that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pacific Enterprises Securities Litigation*, 47 F.3d 373, 378 (9th Cir. 1995). "The weight accorded to the recommendation of counsel is dependent on a variety of factors; namely, length of involvement in the litigation, competence, experience in the particular type of litigation, and the amount of discovery completed. Usually, a consideration of the criteria involved leads the court to the conclusion that the recommendation of counsel is entitled to great weight following arm's-length settlement negotiations." Newberg on Class Actions*, at §11:47.

Plaintiffs were involved in active, adversarial litigation against Defendants for over a year during which settlement discussions were on-going. In March, the Parties met for an in-person settlement meeting. The Parties continued negotiations and over the course of several months, culminating in a private mediation in November 2014 before mediator, Steve Paul. *See* Rivera Decl. ¶ 11. The Parties discussed in detail every element of the settlement agreement, consulted clients and considered alternative proposals, before arriving at the terms of this Settlement. *See id.*

Further, Plaintiffs are represented by the Disability Rights Legal Center (DRLC). DRLC has litigated disability rights cases for more than 35 years and specializes in impact litigation affecting the disability community. DRLC's mission is to advocate for the rights of people with disabilities and to enhance the public's interest in and awareness of those rights. Defendants are also well represented by the law firm of Lewis Brisbois Brisgaard & Smith LLP.

In sum, the settlement between the Parties is the result of arms-length, informed and non-collusive negotiations. And, the experience of the parties'

counsel, and the nature and quality of their negotiations, weigh greatly in favor of the Court's approval of the settlement.

### D. Reaction of Class Members to the Settlement

At this point, this factor is not applicable because Notice has not yet been provided to the settlement class. The Named Plaintiffs have been apprised of the progress of the negotiations, the terms of the settlement, and each approve of the Settlement Agreement. See Rivera Decl. ¶ 12. The Parties anticipate few, if any, substantive objections to the Settlement.

## V. THE PROPOSED CLASS NOTICE AND PROCEDURE FOR APPROVAL ARE APPROPRIATE UNDER FED. RULE OF CIV. PROC. 23(e)(1)

### A. The Proposed Class Notice and Settlement Materials Provide Appropriate Information to Class Members in Easily Understandable Language

Rule 23(e)(1) of the Federal Rules of Civil Procedure requires that prior to final approval of a class settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Generally, notices to class members must be "clearly and concisely state[d] in plain, easily understood language." Fed.R.Civ.P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., LLC*, 361 F.3d at 575 (*quoting Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

The proposed Class Notice accomplishes this. *See* Rivera Decl. Ex. B. The Class Notice provides a brief description of the case and settlement, and the Class definition. The headings are in bold and plainly describe the different topics covered by the notice. The notice explains how class members can obtain a list of class counsel, a copy of the Settlement Agreement and a listing of websites on

which this information is posted. It provides a toll-free phone number, the mailing address of class counsel, and an email for Class members to contact class counsel to ask questions or obtain additional information. Finally, the Notice also explains how Class members can exercise their right to object, the deadline for objections and the date, time, and location of the fairness hearing. Moreover, the proposed Class Notice provides this information in simple English that is easy to read and understand. *See id.*

### B. The Process for Distribution of Class Notice is Reasonably Calculated to Reach Class Members

Rule 23(e) provides that, if a court grants preliminary approval, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal. Fed. R. Civ. P. 23(e)(1). The parties have developed a Plan for Class Notice for the class. The Plan for Class Notice has two components.

First, the Class Notice will be posted to a number of public and non-profit websites that will serve as "portals" to distribute information to potential patron of Krikorian. Specifically, within three (3) working days of Court approval of the form of the notice, Plaintiffs' counsel will post the Class Notice on their own website. DRLC receives more than 15,000 "hits" to its website per year, so this alone will ensure broad distribution. Rivera Decl., ¶ 13. Defendants will post the settlement materials on their website as well. Class Notice will be available, upon request, in accessible formats. All postings shall remain posted for no less than thirty (30) days. *See* Settlement Agreement at pgs. 3-4.

### C. Individual Mailed Notice Is Not Required

In light of the notice scheme described above and given that this case involves a Fed. Rule of Civ. Proc. 23(b)(2) class, individualized notice of the proposed settlement to all class members should not be required. Moreover, any negligible benefit gained by providing such notice would be outweighed by the cost and delay that would be incurred.

For Rule 23(b)(3) classes, the Rules specifically require individualized notice "to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). This individualized notice is necessary so that class members can exercise their right to opt out. In contrast, for (b)(1) and (b)(2) classes, as to which there is no right to opt out, Rule 23 provides only that "the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). The reason for the different treatment,

> "from the nature of the relief sought in these actions. Rule 23(b)(1) and (b)(2) classes are cohesive in nature. Because of this cohesiveness, an adequate class representative can, as a matter of due process, bind all absent class members by a judgment. . . . Rule 23(b)(3) classes are less cohesive, and must abide by more stringent due process constraints".

*Walsh v. Great Atl. & Pac. Tea Co., Inc.*, 726 F.2d 956, 963 & fn.1 (3d Cir. 1983) (citations omitted).

Accordingly, "the form of notice of settlement of a Rule 23(b)(1) or (b)(2) class action need only be such as *to bring the proposed settlement to the attention of representative class members who may alert the court to inadequacies in representation, or conflicts in interest among subclasses*, which might bear upon the fairness of the settlement." *Id.* at 963 (emphasis added); *see also Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986) ("Because of the common interests of all its members, a Rule 23(b)(2) class seeking declaratory and injunctive relief is cohesive by nature, and *notice to a representative class membership may be considered sufficient*." (emphasis added; citation omitted)).

Furthermore, Courts have approved notice of proposed settlements by means of utilizing a summary notice directing class members to a Web site containing more detailed notice . *See Chavez v. Netflix*, 162 Cal.App.4th 43, 58 (2008) (using

the capability of the Internet was a sensible and efficient way of providing notice, especially compared to the alternative of mailing out a lengthy legalistic document). Similar and less targeted notice programs have been approved as sufficient under Rule 23(e).  *See, e.g., In re Toys "R" Us-Del., Inc.—Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 448-49 (C.D. Cal. 2014) (notice of nationwide settlement provided through settlement website and an advertisement that was published twice in USA Today held sufficient to meet requirements of Rule 23(e)).

The proposed notice plan here, like the plans approved in the above cases, is designed to reach a substantial number of class members and will amply ensure awareness of the settlement by "representative class members" who will be able to inform the Court of any perceived deficiencies in the settlement—the very purpose of notice in a (b)(2) case.

Further, not only is individualized notice not required, it would be unnecessarily burdensome in this case.  First, the cost of providing individualized notice to the thousands of class members would be substantial.  Rivera Decl., ¶ 14.  Second, individualized notice would delay the settlement approval process.  In contrast, the proposed notice plan would post the Class Notice three working days after the Court grants preliminary approval.  Therefore, the cost and delay involved in providing individualized notice weigh strongly in favor of the proposed notice plan.

In sum, individualized notice of the proposed settlement to all class members should not be required.

//
//
//
//

### D. The Settlement Approval Process Provides Adequate Opportunity for Class Members to Raise Objections or Comment on the Settlement

The Class Notice describes the process for raising objections and provides the addresses to which objections must be mailed. There is a prominent heading in bold that calls the reader's attention to the objection process. The objection procedure itself is simple: the class member may submit an objection to counsel for the class in writing, via regular or electronic mail, or by leaving a message with their objection via telephone, TTY and/or Video Relay Service on a toll free number to be established by Plaintiffs' counsel no later than a date set by the Court in this case. All objections received by Class counsel will be provided to defense counsel and filed with the Court. Any objections received by Defendants will be provided to Class counsel and will be similarly filed with the Court. The parties propose that only such objecting class members will have the right, if they seek it in their objections, to present objections at the fairness hearing, if the Court permits them to do so.

Class counsel has utilized this method in other class settlements, including the recent class settlements in *Ms. Wheelchair California, Inc. et al. v. Starline Tours of Hollywood, Inc.*, Case No. CV 11-2620-JFW (CWx), *Sengupta v. City of Monrovia , et al.*, Case No. CV 09-00795-ABC (SHx) and *Lauderdale, et al. v. City of Long Beach, et al.*, Case No. CV 08-979 ABC (JWJx), and believe it minimizes the burden on both the Court and class members as it provides for a telephone option. *See* Rivera Decl. at ¶ 15. Typically, counsel will provide any responses received in a separate document for the Court's review, along with or in advance of the motion for final approval. However, counsel will of course accommodate the Court's wishes with respect to the procedure on this matter.

## VI. PROPOSED SCHEDULE FOR NOTICE AND FINAL APPROVAL

Parties propose that upon receipt of preliminary approval of the Settlement

from the Court, the Parties will publish the notice for thirty days in the manner outlined above. Class members will have thirty (30) days to respond to the proposed Notice. Upon expiration of the thirty days, counsel will file with the Court any objections or comments received. Thereafter, counsel will file the motion for final approval, to be set on the Court's next available hearing day as a regularly scheduled motion.

Accordingly, the following proposed schedule, agreed to by the parties, assuming that preliminary approval is granted:

**February 9, 2015:** Hearing re Preliminary Approval of Settlement;

**February 12, 2015:** Deadline to complete posting of Class (*within three (3) days of order granting preliminary approval*);

**March 14, 2015:** Last day for Class Members to object to the settlement (*30 days after the date of posting of Class Notice*);

**April 3, 2015:** Parties to file Summary of Objections and Responses with the Court. (*50 days after the date of the posting of Class Notice OR a date set by the Court*);

**April 20, 2015:** Named Plaintiffs to file Motion for Final Approval (*65 days after the date of the posting of Class Notice OR a date set by the Court*);

**May 18, 2015:** Final Approval Hearing

//
//
//
//
//
//
//

UNOPPOSED MOTION FOR PRELIMINARY APPROVAL AND SCHEDULING A FAIRNESS HEARING

16

## VII. CONCLUSION

For the reasons discussed above, Plaintiffs request that the Court: (1) granting preliminary approval of the settlement reached between Plaintiffs and Defendants as fair, reasonable, and adequate; (2) granting approval of the proposed notice to the Class and directing provision of Class Notice in accord with the Plan for Class Notice; and (3) setting a schedule for the Fairness Hearing.

DATED: December 5, 2014                    DISABILITY RIGHTS LEGAL CENTER

By: _____/s/_____
        Richard Diaz
Attorneys for Plaintiff and the Class