1  ANNA RIVERA, SBN 239601
   *Anna.Rivera@lls.edu*
2  RICHARD DIAZ, SBN 285459
   *Richard.Diaz@lls.edu*
3  DISABILITY RIGHTS LEGAL CENTER
   800 Figueroa Street, Suite 1120
4  Los Angeles, CA 90017
   Telephone: (213) 736-8306
5  Facsimile:  (213) 736-1428

6  Attorneys for Plaintiffs and the Plaintiff class

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10
   GREATER LOS ANGELES AGENCY          CASE NO.  2:13 -CV-07172-PSG-AS
11 ON DEAFNESS, INC. and
   ANTOINETTE ABBAMONTE, on            NOTICE OF MOTION AND MOTION
12 behalf of themselves                FOR FINAL APPROVAL OF CLASS
                                       SETTLEMENT; MEMORANDUM OF
13 and all others similarly situated,  POINTS AND AUTHORITIES IN
                                       SUPPORT THEREOF
14
15              Plaintiffs,            Hearing Date: May 18, 2015
                                       Hearing Time: 1:30p.m.
16 v.                                  Judge: Hon. Phillip S. Gutierrez
                                       Courtroom: 880, Roybal
17 REEL SERVICES MANAGEMENT,
   LLC dba KRIKORIAN PREMIERE
18 THEATRES, LLC, AND DOES 1-10,
   Inclusive,
19
20              Defendants.

21

22

23

24

25

26

27

28

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**
1

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 18, 2015 at 1:30 p.m., as previously set by the Court (Dkt. No. 50), Plaintiffs will move for an order granting final approval of a class action settlement agreement between the parties, with the Court retaining jurisdiction for an eighteen month period for purposes of supervising and resolving issues related to the Settlement Agreement.  This motion shall be heard in the courtroom of the Honorable Phillip Gutierrez, United States District Judge, at the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012.  This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the declaration of Richard Diaz and the exhibits thereto, the complete files and records of this action, and such other evidence and whatever oral argument the Court may entertain.


DATED: April 20, 2015                    DISABILITY RIGHTS LEGAL CENTER


                                         By: _____/s/_____
                                               Richard Diaz
                                               Attorneys for Plaintiffs and the Class

**MEMORANDUM OF POINTS OF AUTHORITIES**

## I.   INTRODUCTION

In September 2013, Plaintiffs Greater Los Angeles Agency on Deafness ("GLAD") and Antoinette Abbamonte (together, "Plaintiffs") filed this lawsuit with the primary goal of seeking injunctive relief against Defendant Krikorian Premiere Theaters ("Krikorian") to remedy violations of the Americans with Disabilities Act and California disability rights laws.

On May 6, 2014, the Court entered an Order granting Plaintiff's Motion for Class Certification for a class defined pursuant to Federal Rules of Civil Procedure Rule 23(b)(2) for injunctive and declaratory relief as follows:

> All individuals who are deaf and hard of hearing who, from September 23, 2013 to September 23, 2018, were denied or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any Krikorian Theater currently owned, operated, leased by, or leased to Defendant due to Defendant's failure and refusal to provide closed captioning movies and special presentations." (Dkt. No.35).

In November 2014, following an all-day mediation, the parties reached a settlement that provides closed captioning services in each auditorium in all of Krikorian's movie theater locations.

Plaintiffs' filed an Unopposed Motion for Preliminary Approval of the Class Action Settlement Agreement, requesting that the Court grant the motion for preliminary approval, approve the content and method of distribution and the agreed-upon notice to the Class, and set a schedule for the final approval hearing. Dkt. No.48.  On February 5, 2015, the Court granted the Motion. Dkt. No. 50. Notice was provided to the Class in accordance with the Court's order and no objections to the settlement terms have been submitted.

Plaintiffs' now seek final approval of the settlement. Each of the relevant factors the Court may consider in determining the fairness of the settlement weighs in favor of approval here.

## II.  BACKGROUND

### A. Litigation Challenging Unequal Access To Programs and Services at Krikorian Premiere Theaters.

Plaintiffs filed their Class Action Complaint for Declaratory and Injunctive Relief and Damages on September 17, 2013 alleging violations of, *inter alia,* (1) Title III of the Americans with Disabilities Act, 1990; (2) Unruh Civil Rights Act (Cal. Civ. Code § 51, et seq.); and (3) California Disabled Persons Act (Cal. Civil Code § 54, *et seq.*). (Dkt. No. 1).  Plaintiffs filed an amended complaint narrowing their claims to the ADA Title III and California Unruh Civil Rights Act on October 3, 2013. Dkt. No. 6 .  On May 6, 2014, the Court certified this case as a class action, with the class defined as: "All individuals who are deaf and hard of hearing who, from September 23, 2013 to September 23, 2018, were denied or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any Krikorian Theater currently owned, operated, leased by, or leased to Defendant due to Defendant's failure and refusal to provide closed captioning movies and special presentations" and appointing Plaintiffs' counsel as class counsel. Dkt. No.35.

### B. Settlement Agreement.

In November 2014, following an all-day mediation, the parties reached a settlement that provides closed captioning services in each auditorium in all of Krikorian's movie theater locations.  Dkt. No. 48-1 ¶5.

The Settlement Agreement requires Krikorian to take steps to ensure effective communication and equal access for individuals who are deaf and hard of hearing.  Defendant has agreed to do the following:

- **<u>Installation of Closed Captioning Equipment In All Theaters</u>**:
  Within eighteen months of the Effective Date of the Settlement
  Agreement, Defendant will install and have in operation any and all
  equipment that is necessary to provide closed captioning for its patrons
  who are deaf and/or heard of hearing in all auditoriums across all
  Krikorian movie theater locations. Upon completion of installation,
  Defendant's will provide Class Counsel with confirmation that
  remediation has been completed;

- **<u>Provision of Closed Captioning Receiving Devices</u>:** Defendant will
  provide a minimum of five (5) closed captioning receiving devices at
  each of its theater. Should a patron who is deaf and/or hard of hearing
  be unable to attend a movie because a closed captioning receiving
  device was not made available when they arrived to attend a movie for
  which closed captioning is available, Krikorian will treat that patron in
  the same manner as other patrons who cannot attend a movie due to
  the fault of Krikorian;

- **<u>Krikorian Theater's Website</u>:** Defendant will incorporate
  information regarding captioning on its website which will include:
  which closed captioning devices are available, how the closed
  captioning devices and assistive listening devices can be operated, and
  a link to the website where information can be obtained on the devices
  used;

- **<u>Continued Jurisdiction of the Court</u>:** Under the Settlement
  Agreement, the Court will retain jurisdiction to oversee compliance
  with the terms of the Settlement Agreement and to hear any disputes
  arising from the interpretation or application of the Settlement
  Agreement.  The Settlement Agreement, including all of its obligations

and the continued jurisdiction of the Court shall remain in effect until Krikorian completes installation of closed captioning devices at all its movie theater locations.

With respect to the named Plaintiffs, Defendants agreed to make a $4,000 payment to Plaintiff Antoinette Abbamonte, who has asserted individual damages claims under California Law. Settlement Agreement at X.A., Dkt. No. 48.2. This is not an incentive payment, but rather represents a compromise amount of damages to compensate Ms. Abbamonte for her claim that she was discriminated against. *See* Dkt. No. 18-4. No payment will be made to GLAD, which has not asserted any individual damages claim. Settlement Agreement at X.A. , Dkt. No. 48.2. With respect to attorneys' fees and expenses, Defendants have agreed to pay $55,000 to Class Counsel for fees and costs incurred in this litigation. Settlement Agreement at X.A. , Dkt. No. 48.2.

In exchange for this relief, Plaintiffs and Class Members will release all claims for declaratory or injunctive relief that "were or could have been asserted in this Action" Settlement Agreement at XII.B. , Dkt. No. 48.2. The named Plaintiffs further release their individual damages claims. *Id*.

### C. This Court Preliminarily Approved the Settlement and After Notice was Distributed In Accordance with this Court's Order, No Objections were Received from Class Members.

The parties jointly submitted a Notice of Class Settlement to the Court on November 21, 2014 (Dkt. No. 46), and on December 5, 2014, Plaintiffs' filed an Unopposed Motion for Preliminary Approval of the Class Action Settlement Agreement. Dkt. No. 48. On February 5, 2015, the Court granted the motion, determining that the Settlement Agreement (1) "was reached after arms' length negotiations"; (2) provides Plaintiffs and Class Members with relief that directly addresses Plaintiffs' concerns"; and (3) "falls within the range of possible approval." Dkt. No. 50 at 5-6. The Court also approved the proposed form of

notice that would be distributed to the class, and the method by which the Notice of Settlement would be distributed. Dkt. No. 50 at 7-8.

On February 12, 2015, the notice was prominently posted in accordance with the terms of the Section IV(D) of the Settlement Agreement.  The Notice provided Class Members with details on how to object, including the March 14, 2015 deadline for filing objections, as well as contact information for Class Counsel in the event Class Members wanted additional information about the settlement. Declaration of Richard Diaz ¶2 ("Diaz Decl.").  No inquiries were received by Plaintiffs' counsel and no objections have been filed with the Court. Diaz Decl. ¶3.

## III.   THE CLASS NOTICE COMPLIED WITH THE REQUIREMENTS OF RULE 23

Under Federal Rule of Civil Procedure 23(e), this Court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." Such notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and accord them an opportunity to present their objections." *Mendoza v. United States*, 623 F. 2d 1338, 1351 (9th Cir. 1980).  Notice of the proposed settlement to the class must describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Id.* at 1352.

This Court's February 5, 2015 preliminary approval order found that the notice plan submitted by the parties was reasonably calculated to reach the members of the class. Dkt. No. 50 at 7.  The Notice that was approved by the Court in its preliminary approval order was sufficiently detailed, in that it:

- Describes the relief provided by the proposed Settlement Agreement;
- Informs Class Members of the scope of the release;
- States that Krikorian will pay $55,000 for reasonable attorneys' fees and costs of Class Counsel and that $4,000 will be paid to one of the

named Plaintiffs in damages;

- Alters Class Members that the Notice contains only a summary of the terms of the proposed Settlement Agreement, and where they may obtain additional information and a copy of the Settlement Agreement;

- Provides contact information for Class Counsel if Class Members wish to ask questions; and

- Indicates the time and place of the final approval hearing to consider approval of the Settlement Agreement, and what a Class Member must do, and by what date, in order to object.

Diaz Decl. ¶2 .

The Notice ordered by the Court was also reasonably calculated to reach Class Members.  Given that it was supposed to reach individuals who are deaf and hard of hearing used or may seek to use Krikorian services, this detailed notice was posted on Krikorian's website as well as prominently placed on the website of the Disability Rights Legal Center (DRLC), a civil rights organization that advocates for the rights of people with disabilities, which has served as Class Counsel for this case.  *See* Settlement Agreement IV(D); Diaz Decl. ¶2 .  Similar (and indeed, less targeted) notice programs have been approved as sufficient under Rule 23(e).  *See, e.g., In re Tory "R" Us-Del., Inc. – Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 448-49 (C.D. Cal. 2014) (notice of nationwide settlement provided through settlement website and an advertisement that was published twice in USA Today held sufficient to meet requirements of Rule 23(e)).

The notice plan previously approved by the Court and implemented by the parties satisfied the requirements of due process and Rule 23.

## IV.   THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT AGREEMENT BECAUSE THE SETTLEMENT IS FAIR REASONABLE AND ADEQUATE UNDER RULE 23(e).

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The approval process consists of two phases. *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1062 (C.D. Cal. 2010). At the preliminary approval state, the court determines whether the settlement appears to fall within the "range of possible approval," such that notice should be sent to class members and a final approval hearing set. *Id*. at 1063. At the final approval hearing, the court then reviews the settlement more closely, taking into consideration any objections, in order to make the final fairness determination. *Id*.

Having preliminarily approved the settlement, this Court now proceeds to the final approval determination. In order to finally approve the settlement, the Court must determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The question is not whether the settlement "could be prettier, smarter, or snazzier," but only "whether it is fair, adequate, and free from collusion." *Hanlon c. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Moreover, in evaluating a proposed settlement, "[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Id.* at 1026. The court "does not have the ability to delete, modify, or substitute certain provision." *Id.* "The settlement must stand or fall in its entirety." *Id*.

A class settlement that "follow[s] sufficient discovery and genuine arms-length negotiation is presumed fair." *Nat'l Rural Telecom. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (citing *City Partnership Co. v. Atlantic Acquisition Ltd., P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996). The settlement here is entitled to that presumption because the parties actively litigated this case for over a year, briefed Plaintiffs' class action certification motion, engaged in discovery, and reached settlement only after continued negotiations and engaging in

1   mediation before a private mediator.  (*See*, Dkt. No.50 at p.4-5).

2          While the settlement here should be presumed fair given that it was the

3   product of arms-length negotiation, the Court "must nonetheless access

4   independently whether the settlement is fair, reasonable, and adequate for all

5   concerned." *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-04149 MMM

6   SHX, 2008 WL 8150856, at *4 (C.D. Cal. July 21, 2008).  District courts consider a

7   number of factors in determining the fairness of a settlement at final approval,

8   including the strength of Plaintiffs' case; the risk, expense, complexity, and likely

9   duration of further litigation; the extent of discovery completed and the stage of the

10  proceedings; the experience and views of counsel; and the reaction of the class

11  members to the proposed settlement.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

12  1026 (9th Cir. 1998). *Accord, Churchill Vill., L.L.C. v. G.E.,* 361 F.3d 566, 575 (9th

13  Cir. 2004).

### A. The Settlement Provides Meaningful Relief to the Class and Avoids Unnecessary Delay and Uncertainty of Continued Litigation.

14

15

16

17         Plaintiffs brought this suit to address Krikorian's failure to provide closed

18  captioning for the all movies it offers to the public.  The settlement directly

19  addresses Plaintiffs concerns and will ensure that Defendants implement the

20  necessary changes to prove equal access to movies for individuals who are deaf and

21  hard of hearing.  Although Plaintiffs believe they would have likely prevailed at

22  trial, negotiation of a settlement allowed Plaintiffs to have considerable input into

23  the nature and substance of the relief and avoid expensive and time-consuming

24  litigation.  *See, In re Mfrs. Life Ins.*, No. 1109, 1998 WL 1993385, at *5 (S.D. Cal.

25  Dec. 21, 1998) (noting that "even if it is assumed that a successful outcome for

26  plaintiffs at summary judgement or at trial would yield a greater recovery that the

27  Settlement – which is not at all apparent – there is easily enough uncertainty in the

28  mix to support settling the dispute rather than risking no recovery in future

proceedings").

## B. The Parties Conducted Discovery, Motion Practice and Reached Settlement through Arms'-Length Negotiations.

Class settlements reached in arms'-length negotiations between experienced capable counsel after meaningful discovery are presumed correct.  Manual for Complex Litigation, §30.42 (3rd ed. 1995).  The extent of discovery and stage of proceedings is also a *Hanlon* factor. 150 F.3d at 1026.  A settlement may not be the product of collusion among the negotiating parties.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1290 (9th Cir. 1992).

Here, the parties had ample opportunity to investigate and asses the strength of their respective positions through both form discovery and informal fact gathering.  The Parties actively litigated this case for over a year, briefed Plaintiffs' class action certification motion, and conducted formal discovery.  Dkt. No.48  The Parties met for an in-person settlement meeting in March 2014 and continued negotiations over the course of several months, culminating in a private mediation in November 2014 before mediator, Steve Paul.  Dkt. No. 48-1, ¶5, 9-11.

Further, the Parties are represented by experienced counsel.  Plaintiffs' are represented by the DRLC. DRLC has litigated disability rights cases for 40 years and specializes in impact litigation affecting the disability community.  DRLC's mission is to advocate for the rights of people with disabilities and to enhance the public's interest in and awareness of those rights.  Dkt. No. 18-1 ¶4.  Defendants are also well represented by the law firm of Lewis Brisbois Brisgard & Smith LLP.

## C. Settlement was Recommended by Experienced Counsel Who Recognize that Continued Litigation Involvement Substantial Potential Risk

"Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. This is because 'parties represented by competent counsel are better positioned than courts to

produce a settlement that fairly reflects each party's expected outcome in the litigation. This 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.' " *Nat'l Rural Telecom. Coop.*, 221 F.R.D. at 528 (citations imitted).

Class counsel DRLC is dedicated to advocating for the rights of people with disabilities and has significant experience litigation class action cases under the ADA and other disability rights statutes.  (Dkt. No.18-1 ¶6-9).  Class counsel have litigated this case vigorously on behalf of the Class, through class certification and discovery and have reached the conclusion, after weighing the risks and benefits the Class of proceeding to trial, that settlement in is the Class's best interest.  That factor too, weighs in favor of approval.

### D. The Reaction of the Class Supports Approval of the Settlement

"[I]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecom. Coop.*, 221 F.R.D. at 529.  Thus, where no objections have been filed with the Court or served on counsel, that fact weighs strongly in favor of approval.  *Id.*

Here, following publication of notice, no objections to the settlement terms have been filed with this Court.  Moreover, the Named Plaintiffs were kept closely apprised of the status of settlement and approve the Settlement Agreement.  (Dkt. No. 48-1 ¶12).  Given the lack of a single objection, along with the support of the two Named Plaintiffs, this final factor also weighs in favor of approval.

//
//
//
//
//

1

**V.    CONCLUSION**

2      For all the foregoing reasons, the Court should grant final approval of the

3  Class settlement agreement and issue the proposed order submitted with this

4  motion.

5

6  DATED: April 20, 2015              DISABILITY RIGHTS LEGAL CENTER

7

8                                     By: _____/s/_____

9                                          Richard Diaz

10                                         Attorneys for Plaintiffs and the Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28