Anna Rivera (SBN: 239601)
*Anna.Rivera@drlc.lls.edu*
Richard Diaz (SBN: 285459)
*Richard.Diaz@drlc.lls.edu*
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa St., Ste. 1120
Los Angeles, CA 90017
Tel: (213) 736-1496; Fax: (213) 736-1428

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREATER LOS ANGELES AGENCY ON DEAFNESS, INC. and ANTOINETTE ABBAMONTE, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KRIKORIAN PREMIERE THEATRES, LLC; REEL SERVICES MANAGEMENT, LLC, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. CV 13-07172-PSG (ASx)<br>Hon. Phillip S. Gutierrez<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REASONABLE ATTORNEY'S FEES AND EXPENSES** |

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REASONABLE
ATTORNEY'S FEES AND EXPENSES

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 18, 2015, at 1:30 p.m., or as soon thereafter as counsel may be heard by the Court, located at 255 East Temple Street, Los Angeles California 90012, in the courtroom of the Honorable Phillip S. Gutierrez, Plaintiffs Greater Los Angeles Agency on Deafness and Antoinette Abbamonte on behalf of the certified Class, will and hereby do move the Court for an order awarding Plaintiffs' counsel reasonable attorneys' fees and out-of-pocket expenses in the total amount of $55,000.

This Motion is based on this Notice of Motion and Motion, the Memorandum in Support of the Motion, the Declaration of Richard Diaz, the pleadings and papers on file herein, and on such other matters as may be presented to the Court at the time of the hearing.

This motion is made pursuant to the Court's Order (Dkt. 50).

DATED: April 20, 2015          By:/s/ Richard Diaz
                                               DISABILITY RIGHTS LEGAL CENTER

                                               *Attorneys for Plaintiffs and Class Counsel*

PLAINTIFFS' MOTION FOR REASONABLE ATTORNEY'S FEES AND EXPENSES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Greater Los Angeles Agency on Deafness ("GLAD") and Antoinette Abbamonte (collectively, "Plaintiffs"), on behalf of themselves and the Plaintiff Class have reached a settlement of Plaintiffs' claims in this class action ("settlement" or "Settlement Agreement"). Plaintiffs' claims in this action are based on allegations that Defendants failed to provide individuals who are deaf and/or hard of hearing with necessary auxiliary aids and services, thereby discriminating against them in violation of federal and state law. Plaintiffs further allege that Defendants failed to reasonably modify its policies and procedures to avoid discrimination against Plaintiffs, also in violation of federal and state law

Plaintiffs filed their Class Action Complaint for Declaratory and Injunctive Relief and Damages on September 17, 2013 alleging violations of, *inter alia,* (1) Title III of the Americans with Disabilities Act, 1990; (2) Unruh Civil Rights Act (Cal. Civ. Code § 51, et seq.); and (3) California Disabled Persons Act (Cal. Civil Code § 54, *et seq.*). (Complaint, Dkt. 1) Plaintiffs filed an amended complaint narrowing their claims to the ADA Title III and California Unruh Civil Rights Act on October 3, 2013. (First Amended Complaint, Dkt. 6.)

On January 13, 2014, Plaintiff's filed a Motion for Class Certification ("Class Cert. Motion", Dkt. 18). Shortly after filing the motion, the parties began engaging in settlement discussions. To facilitate those discussions, the parties stipulated, and on February 3, 2014, the Court ordered, to extend the deadlines related to the Class Cert. Motion by approximately two months. (Order to Joint Stipulation, Dkt.26).

On May 6, 2014, the Court granted Plaintiff's Class Cert. Motion and defined the class as "all individuals who are deaf and hard of hearing who, from

PLAINTIFFS' MOTION FOR REASONABLE ATTORNEY'S FEES AND EXPENSES

1

September 23, 2013 to September 23, 2018, were denied, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any Krikorian Theatre currently owned, operated, leased by, or leased to Defendant due to Defendant's failure and refusal to provide closed captioning movies and special presentations." (Order Granting Class Certification, Dkt.35).

On November 6, 2014, the parties engaged in private mediation before Stephen Paul, a well-known mediator familiar with cases involving complex issues. *See* Declaration of Richard Diaz ("Diaz Decl.") at ¶ 11. The parties agreed to the terms of the settlement at the Parties' November 6, 2014 mediation. *See id.*

The Settlement Agreement (Diaz Decl., Ex. A), provides Class members with substantial relief through numerous provisions ensuring that the class of individuals who are deaf and/or heard of hearing will have full and equal access to the goods, services, facilities, privileges, advantages, or accommodations offered by Krikorian Theaters. The Court granted preliminary approval of the Settlement Agreement on February 5, 2015. (Order Granting Preliminary Approval, Dkt. 50).

Under Rule 23(h) of the Federal Rules of Civil Procedure, Class Counsel request approval of the negotiated settlement award for reasonable attorney's fees and costs in the amount of $55,000 for work performed on this case to date and $4,000 damage award for Antoinette Abbamonte under California law. It is well-settled that a plaintiff who prevails in a civil rights action should ordinarily recover reasonable attorney's fees. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (applying 42 U.S.C.A. § 1988). Plaintiffs brought legal claims under numerous statutory provisions that authorize an award of reasonable attorneys' fees and costs to prevailing plaintiffs. *See, e.g.,* 42 U.S.C.§ 12205 (authorizing

PLAINTIFFS' MOTION FOR REASONABLE ATTORNEY'S FEES AND EXPENSES

2

attorney's fees award to prevailing party in ADA lawsuit); 29 U.S.C.§ 794a (authorizing attorney's fees award to prevailing party in Section 504 lawsuit).

Plaintiffs plainly are the "prevailing party" here, because they secured a substantial and important settlement agreement, enforceable in and by this Court. *See Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002) (recognizing party prevails by obtaining enforceable judgment, consent decree, or judicially enforceable settlement agreement). Furthermore, the $55,000 figure reached in the Settlement Agreement is fair and reasonable and should be approved. Plaintiffs' lodestar in this case, which is the reasonable number of hours spent multiplied by a reasonable hourly rate for each attorney who worked on the case, is $102,074.60 through November 4, 2014[1]. Plaintiffs' costs are $4,305.49. Thus, the $55,000 in fees is only 54% of Class Counsel's actual lodestar.

## II. THE NEGOTIATED AWARD IS REASONABLE UNDER THE LODESTAR APPROACH

The starting point for computation of attorneys' fees in civil rights cases is the "lodestar" arrived at by multiplying the number of hours reasonably expended by the reasonable hourly rates. *See Hensely*, 461 U.S. at 433. The "resulting product is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986) (internal quotations omitted). Where, as here, Plaintiffs obtained substantial results, the "attorney should recover a fully compensatory fee . . . encompass[ing] all hours reasonably expended on the litigation. . . ." *Hensley*, 461 U.S. at 435.

---

[1] Class counsel's reflects attorneys' fees incurred up to the date of mediation. The hours referenced herein do not reflect hours expended after settlement was reached, which includes drafting the preliminary approval motion as well as the final approval motion and the instant motion for attorneys' fees and expenses.

PLAINTIFFS' MOTION FOR REASONABLE ATTORNEY'S FEES AND EXPENSES

3

### A. The Number of Hours Are Reasonable

Here, Class Counsel expended 271.68 hours on this matter, which is documented in the detailed billing records in the declarations filed with this motion. *See* Diaz Decl., at ¶ 30-31. These hours were reasonable and necessary to the successful litigation of this case on behalf of Plaintiffs and the Settlement Class, particularly given the significance of the matters at issue. The hours are also reflective of the comprehensive settlement agreement achieved.

### B. The Hourly Rates And Costs Are Reasonable

Both the California Supreme Court and the United States Supreme Court have specifically held that fee awards to public interest attorneys who do not charge their clients must be based on the prevailing billing rates of attorneys in private practice with similar skills and experience. *See Blum v. Stenson*, 465 U.S. at 895(holding that the legislative history of the civil rights statutes required that hourly rates for public interest attorneys equal prevailing private market rates); *Serrano v. Unruh*, 32 Cal. 3d 621, 640-44 (1982). The reasonable rate is derived from the reasonable market value of their services in the community, *Blum,* 465 U.S. at 895 n.11; *Ketchum v. Moses,* 24 Cal. 4th 1122, 1132 (2001), and is based on current, rather than historic, hourly rates for Plaintiffs' attorneys, *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989).

Plaintiffs' lodestar in this matter is comprised of the actual time expended on this litigation by the DRLC. A judgment for costs may be awarded to the prevailing party. 28 U.S.C. § 2412(a)(1). Recoverable expenses include all "costs that are ordinarily billed to a client," including "telephone calls, postage, air courier and attorney travel expenses." *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985). Here, Class counsel respectfully request reimbursement of $720 for expenses incurred in prosecuting

this lawsuit. The expenses are made up of filing fees, copying and printing charges, overnight delivery charges, mediation, interpreter, and other expenses directly related to the prosecution of the lawsuit. Supporting detail for each of these categories of expenses is contained in the concurrently-filed Diaz Declaration.

Class Counsel DRLC specializes in disability rights litigation and are extremely well qualified and competent in this field. *See generally* Declarations of Richard Diaz and Anna Rivera. Class Counsel has submitted documentation that the hourly rates used to compute their lodestar are their customary, current hourly rates. For example Anna Rivera, a DRLC attorney for this matter, bills at a rate of $500 per hour.  Ms. Rivera, DRLC Staff Attorney, has successfully litigated many cases, served a class counsel in a number of settled and ongoing class actions, has extensive experience in the substantive areas of disability rights, and has been practicing law since 2005. *See* Diaz Decl., at ¶ 14, Ex. C to Diaz Decl. (Rivera Resume). Richard Diaz, another DRLC attorney for this matter, bills at a rate of $325 per hour.  Mr. Diaz, has successfully litigated several cases, serves as a class counsel in a number of settled and ongoing class actions, has experience in the substantive areas of disability rights, and has been practicing law since 2012. *See* Diaz Decl., at ¶ 13, Ex. B to Diaz Decl. (Diaz Resume).

The hourly rates requested by DRLC are comfortably within the rates charged by skilled counsel in the Southern California market in similar complex civil litigation. Declarations regarding the prevailing market rate in the relevant community are sufficient to establish a reasonable hourly rate. *See Widrig v. Apfel*, 140 F. 3d 1207, 1209 (9th Cir. 1998); *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F. 3d 691, 696 (9th Cir. 1996), *cert. denied*, 522 U.S. 949 (1997).  The rates requested are reasonable as measured by the rates charged by attorneys of comparable experience and skill in the Los Angeles area.  Experts

PLAINTIFFS' MOTION FOR REASONABLE ATTORNEY'S FEES AND EXPENSES

have opined that our rates are reasonable and are well within the prevailing hourly rates of other civil rights litigation firms. *See* Laurence W. Paradis and Decls. of Barrett S. Litt from *Los Angeles Unified School District v. Garcia*, Case No. 10-55879 (C.D. Cal. 2010), Dkt. 78-5 and 78-6, attached to Diaz Decl. as Exs. D,E, respectively.

Class Counsel's rates are generally less than rates charged by multiple firms that practice in Los Angeles County, including but not limited to Skadden Arps, Kirkland & Ellis, Morrison & Foerster, and White and Case. *See* Diaz Decl., Ex. E at ¶ 22. In addition, Class Counsel's rates are comparable to those charged by Disability Rights Advocates ("DRA"), a nonprofit that engages in similar work and whose rates have been approved on multiple occasions by federal and state courts in Southern and Northern California. Diaz Decl., Ex. D at ¶¶ 15, 16. *see also Housing Rights Center v. Sterling*, 2005 WL 332078 *2 (C.D. Cal. 2005) (awarding the Howrey firm its usual rates, and agreeing with expert, who stated that he saw "rates between $125 and $1,000 per hour and that he sees rates between $125 and $650 per hour in California on a regular basis"). In light of the above, and as set forth below and in the supporting declarations, Class Counsel's rates are reasonable and well-justified.

### III. THE ATTORNEY'S FEES AWARD REQUIRED UNDER THE SETTLEMENT IS REASONABLE

The lodestar for Class Counsel – the number of hours reasonably expended on this case times the reasonable hourly rate for each billing professional – is $102,074.60. The Settlement Agreement, however, provides that Defendants will pay Class Counsel only $55,000.00 as compensation for their work on the lawsuit and for costs incurred during litigation. This represents a substantial discount – 54% – from the actual lodestar, to which Plaintiffs' Counsel would ordinarily be

PLAINTIFFS' MOTION FOR REASONABLE ATTORNEY'S FEES AND EXPENSES

6

entitled. As such, the attorney's fees provided to Class Counsel under the Settlement Agreement are more than reasonable. Accordingly, the Court should approve the amount agreed upon in the settlement of $55,000.00 for attorneys' fees and costs.

## IV. THE AWARD TO ANTOINETTE ABBAMONTE IS FOR DAMAGES UNDER CALIFORNIA LAW

Named plaintiff Antointte Abbamonte has asserted individual damages claims under California law. Dkt 6 ¶ 60. According to the settlement agreement Defendants will make a $4,000 payment to her, not as an incentive payment, but rather as a compromise amount of damages to compensate Ms. Abbamonte for her claim that she was discriminated against on more than one occasion. *see* Dkt. 6 ¶¶ 29, 34. No payment will be made to GLAD, which has not asserted any individual damages claim.

## V. CONCLUSION

For the above reasons, the parties respectfully request that this Court grant Class Counsels' motion.

DATED: April 20, 2015               Respectfully Submitted,

                                    DISABILITY RIGHTS LEGAL CENTER

                            By:     _____/s/_____
                                    Richard Diaz
                                    Attorneys for Plaintiffs and Class Counsel

PLAINTIFFS' MOTION FOR REASONABLE ATTORNEY'S FEES AND EXPENSES

7